*FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

Case No.  10-38296

In re Theresa L. Somers and Rosemary Caggiano,     Chapter  7

        Debtors.

-----------------------------------------------------x


**MEMORANDUM DECISION DENYING MOTION TO DISMISS**


Appearances:

Kirk O. Orseck
Orseck Law Offices PLLC
1924 State Route 52
Liberty, NY 12754
*Attorney for Debtors*

Lisa M. Penpraze
Office of United States Trustee
74 Chapel Street
Albany, NY 12207
*Attorney for the United States Trustee*


      This matter came before the Court pursuant to the United States Trustee's

motion to dismiss the Debtors' case under section 11 U.S.C. § 707(a), as an

"improper joint petition" pursuant to the Defense of Marriage Act.  Section 707(a)

permits the bankruptcy court to dismiss a chapter 7 bankruptcy case "only for

cause."   Having considered the pleadings submitted and the record of the Debtors'

bankruptcy case and after notice and a hearing held on May 3, 2011, the Court has

determined that insufficient cause exists to dismiss the Debtors' case under section

707(a) and the motion is denied.  The Court's findings of fact and conclusions of

law are as follows:

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a),

28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief

Judge Robert J. Ward dated July 10, 1984.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A) because the issue concerns the administration

of the Debtors' estate.

**Background**

The Debtors were married in a civil ceremony on October 9, 2010 in the

State of Vermont and received a marriage license.  They filed this case jointly as

married debtors on October 29, 2010.

According to the petition, the Debtors own their residence as joint property.

Schedule B lists as joint property: two cars; two motorcycles; two joint checking

accounts; and a joint 401(k).  The Debtors' jointly own 200 shares in Termona

Pizzeria & Deli, LLC and 200 shares in R&T Woodbourne Realty, LLC and have

personally guaranteed and are jointly liable on the business debt.  Of the

$259,292.00 secured debt listed on Schedule D, $248,842.00 is listed as joint debt.

Schedule F lists $61,928.54 in joint unsecured debt consisting mostly of credit card and miscellaneous business debt.

On January 4, 2011, the Debtors co-signed a reaffirmation agreement with American Suzuki Financial Services.  On February 1, 2011, the Debtors co-signed a reaffirmation agreement with Wells Fargo Home Mortgage.

On February 7, 2011, a stipulation was entered extending the time to object to the Debtors' discharge.

On February 11, 2011, the Debtors' electronically filed a motion to sever their joint case.[1]  According to that motion, the United States Trustee (the "Trustee") indicated to the Debtors that it would bring an objection or a motion to dismiss this case unless the case was severed.   The Debtors requested that the Court waive the second filing fee and stated that the Trustee indicated to the Debtors that it would not object to a request for waiver of the fee.

On February 22, 2011, the Trustee filed a Statement of "no opposition" to the Debtors' motion to sever ***and*** to the Debtors' request to waive additional filing fees.  There appears to have been an agreement between the Debtors and the Trustee that if the Debtors severed their case, they would not be required to pay a second filing fee.[2]

---

[1] The same motion appears to have been docketed twice on February 11, 2011 and February 14, 2011.

[2] Although Debtors asked that the second filing fee be waived in the Debtors' motion to sever their petition and the Trustee filed a statement of no objection to that request, the Court is not convinced that it has the power to waive a

In a letter dated February 24, 2011, the Debtors withdrew their motion to sever "because President Obama has ordered the Justice Department to stop defending the Defense of Marriage Act." It was clear to the Court that Debtors' counsel was referring to the February 23, 2011 letter from the Attorney General, Mr. Eric H. Holder to the Speaker of the House, John A. Boehner.[3]

On March 31, 2011, the Trustee filed this motion to dismiss pursuant to section 707(a), alleging that the Defense of Marriage Act ("DOMA") required dismissal.

**Dismissal pursuant to section 707(a)**

Section 707(a) states that "[t]he court **_may_** dismiss a case under this chapter only after notice and a hearing and **_only for cause_**, including—

> (1)  unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2)  nonpayment of any fees and charges required under chapter 123 of title 28; and
>
> (3)  failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

---

filing fee that does not fall under the exceptions listed in Bankruptcy Rule 1006. *See* Fed. R. Bank. P. 1006(a) "Every petition shall be accompanied by a filing fee . . . ."

[3] *See* Letter from Tony West to Judge Barbara S. Jones (Feb. 24, 2011) (Docket No. 10), *Windsor v. United States*, No. 1:10-cv-8435 (S.D.N.Y.) (containing as an attachment Letter from Eric H. Holder, Jr. to John A. Boehner (Feb. 23, 2011)). "[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

11 U.S.C. § 707(a) (emphasis added).  The three examples of cause provided in the statute are "illustrative, not exhaustive." *Smith v. Geltzer (In re Smith)*, 507 F.3d 64, 72 (2d Cir. 2007) (defining the standard for a debtor's voluntary dismissal of a chapter 7 case).  In determining whether to dismiss a case under section 707(a), the Court must consider "the interests of both the debtors and creditors" and assess on a case-by-case basis whether there is "cause" sufficient to warrant dismissal.  *In re Dinova*, 212 B.R. 437, 441, 442 (B.A.P. 2d Cir. 1997) (citing *In re Schwartz*, 58 B.R. 923 (Bankr. S.D.N.Y. 1986)).   Securing a "fresh start," receiving a discharge, and reducing administrative expenses so that there are resources to work out debts, is usually in the best interest of the debtor.  *See In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986).  When dismissal of a case is not voluntary, dismissal is usually not in the best interest of the debtor and the Court should assess whether dismissal is in the best interests of creditors.  If the creditors are prejudiced by the continuance of the case, dismissal is appropriate.  *See id*.  Prejudice may be found where a petition was filed in order to forestall collection by creditors, if a debtor has failed to account honestly for assets, or a case was filed not in good faith.  *See In re Dinova*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997).

The Trustee's motion to dismiss is not premised upon the three causes for dismissal listed in section 707(a).  Instead, the Trustee argues that filing an "improper joint petition" is cause for dismissal.  Section 302(a) of the Bankruptcy

Code permits "the filing with the bankruptcy court of a single petition . . . by an individual that may be a debtor under such chapter and such individual's spouse." The Trustee argues that for purposes of federal law, the term "spouse" is defined by DOMA as "a person of opposite sex who is a husband or a wife."  1 U.S.C. § 7.

The Trustee cites two cases in support of its motion to dismiss: *In re Jephunneh Lawrence & Associates Chartered*, 63 B.R. 318, 321 (Bankr. D. Colo. 1986) and *In re Malone*, 50 B.R. 2, 3 (Bankr. E.D. Mich. 1985).  Neither of these cases involved the issue currently before the court: whether "cause" exists to dismiss the joint petition of a legally married couple because they are not members of the opposite sex.  In *In re Jephunneh Lawrence*, the court dismissed a case where a joint petition was filed by a corporation and its sole shareholder. 63 B.R. at 319.   The Code permits only married people to file a joint petition, not a corporation and its shareholder.  *Id.*

In *In re Malone*, the chapter 13 trustee used section 302(a) to challenge the filing of a joint petition by a heterosexual couple who had never been legally married.  50 B.R. at 3.   The court did not find "cause" to dismiss the case but rather ordered the debtors to amend their joint chapter 13 petition to include only one debtor because they were not legally husband and wife as required under section 302.  *Id.* The court stated that if the debtors chose to file a second case, it would "entertain a motion for joint administration of their estates."  *Id.*

In each of the cases cited by the Trustee, the holdings were dependent upon whether or not the parties listed on the petition were legally married.  *In re Jephunneh Lawrence* involved a joint petition filed by a corporation and its shareholder. 63 B.R. at 319.  *In re Malone* involved a joint petition filed by an unmarried couple. 50 B.R. at 3.  The Trustee provides no case law support for its position that "cause" exists for dismissal under section 707(a) where, as here, the Debtors are legally married pursuant to state law.  Rather, the Trustee relies on a two-sentence summary of DOMA as cause for dismissal.

It is clear from case law and the plain language of section 302 of the Bankruptcy Code that the Debtors, as a legally married couple, would qualify to file a joint petition if not for the existence of DOMA.  In a pre-DOMA case, *In re Favre*, 186 B.R. 769 (Bankr. N.D. Ga. 1995), the issue of whether a same-sex couple, who were not legally married, qualified to file a joint petition came before the court as an objection to the confirmation of their chapter 13 plan.   Ultimately, the court held that "in order to qualify to file a joint petition under § 302 . . . , the parties must be legally married."  186 B.R. at 774.  In dicta, the court stated that a legally married same-sex couple recognized by the state "would qualify for relief under section 302." *Id.* at 773.

In *In re Kandu*, a post-DOMA case and the only bankruptcy case this Court has found interpreting DOMA, the court issued an Order to Show Cause for

Improper Joint Filing under section 302. *In re Kandu*, 315 B.R. 123, 130 (Bankr. W.D. Wash. 2004). In response, the debtors challenged the constitutionality of DOMA on several grounds, including equal protection and due process. *Id.* The court conducted a rational basis analysis of that argument, noted that no Ninth Circuit or Supreme Court precedent existed on the issue, and upheld the constitutionality of DOMA.[4] *Id.* at 141. It ordered that the debtors' case be dismissed unless the debtors voluntarily severed their petition. *Id.* at 148. The court performed no analysis of whether "cause" existed to dismiss the debtors' case under section 707(a).

Since the decision in *Kandu*, the constitutionality of DOMA has been questioned by two cases filed in the district courts of this Circuit. *See Windsor v. United States*, No. 1:10-cv-8435 (S.D.N.Y.); *Pedersen v. OPM,* No. 3:10-cv-1750 (D. Conn.). The Department of Justice also concluded that DOMA would not withstand constitutional analysis under heightened scrutiny. *See* Letter from Tony West to Judge Barbara S. Jones (Feb. 24, 2011) (Docket No. 10), *Windsor v.*

---

[4] When a statute's constitutionality is challenged on due process grounds, a court must first make a determination as to whether the law being challenged infringes upon a constitutionally protected fundamental liberty interest. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). If no interest is infringed, the statute will be upheld so long as it is "rationally related to legitimate government interests." *Id.* at 728. If the statute infringes upon a "fundamental liberty interest *at all*" the statute will be found unconstitutional "unless the infringement is narrowly tailored to serve a compelling state interest." *Id.* at 721. This level of analysis is referred to as heightened scrutiny.
   Similarly, when a statute's constitutionality is challenged under equal protection, a court must analyze "whether the classifications drawn by [the] statute constitute an arbitrary and invidious discrimination." *Loving v. Virginia*, 388 U.S. 1, 9 (1967). The level of scrutiny applied in analyzing the constitutionality of the statute, whether it is rational basis or a more heightened scrutiny, depends on the classification created by the legislation. *See Id*. at 11. Which level of scrutiny a court uses in determining a statute's constitutionality has a major impact on whether the law is upheld as constitutional.

*United States*, No. 1:10-cv-8435 (S.D.N.Y.) (containing as an attachment Letter

from Eric H. Holder, Jr. to John A. Boehner (Feb. 23, 2011)).  In *Windsor v.*

*United States*, which is currently pending in the Southern District of New York, the

Assistant Attorney General filed a letter stating that "heightened scrutiny is the

appropriate standard of review for classifications of sexual orientation" and that

"[s]ection 3 of DOMA may not be constitutionally applied to same-sex couples

whose marriages are legally recognized under state law; and that the Department

will cease its defense of Section 3 in such cases."  *See* Letter from Tony West to

Judge Barbara S. Jones (Feb. 24, 2011) (Docket No. 10), *Windsor v. United States*,

No. 1:10-cv-8435 (S.D.N.Y.).

The Court will not conduct its own constitutional analysis of the Act since

the issue is not before the Court and has not been briefed by the parties.

Nevertheless, "[t]he court has substantial discretion in ruling on a motion to

dismiss under section 707(a), and in exercising that discretion ***must consider any***

***extenuating circumstances***, as well as the interests of the various parties."  Collier

on Bankruptcy P 707.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

(emphasis added); *see also In re Atlas Supply Corp.*, 857 F.2d 1061 (5th Cir. 1988)

(stating that a court may be guided by equitable principals in determining a motion

to dismiss).  One extenuating circumstance that the Court finds relevant is that the

United States Department of Justice, acting under the instruction of the Attorney

General and the President of the United States, argues that "DOMA may not be

constitutionally applied to same-sex couples" and has stopped defending the law in

cases pending in this Circuit.  *See* Letter from Tony West to Judge Barbara S.

Jones (Feb. 24, 2011) (Docket No. 10), *Windsor v. United States*, No. 1:10-cv-

8435 (S.D.N.Y.); *see also Pedersen v. OPM,* No. 3:10-cv-1750 (D. Conn.).  In this

case, the United States Trustee, who is appointed by the Attorney General pursuant

to 28 U.S.C. § 581, appears to defend the law and yet has offered nothing more

than a restatement of the language of DOMA. The mere existence of DOMA is not

sufficient to remove the duty imposed on this Court by section 707(a) to find

"cause" prior to dismissing the case. *See* 11 U.S.C. § 707(a).

When dismissal of a case is not premised upon one of the enumerated

reasons set forth in 707(a), the Second Circuit requires a case-by-case analysis to

determine "whether dismissal would be in the best interest of ***all*** parties in

interest."  *In re Dinova*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997) (emphasis added)

(quoting *In re Price*, 211 B.R. 170, 172 (Bankr. M.D. Pa. 1997) ("A motion to

dismiss is a serious matter affecting the rights of the debtor and all creditors. At a

hearing on a motion to dismiss, the court is required to consider the impact the

dismissal will have on the various entities and ascertain which direction satisfies

the best interest of all parties.").

Here, the Trustee has failed to convince the Court that dismissal is in the best interests of all parties. Section 302 is a means of jointly administering the Debtors' estates "to the benefit of both the debtors and their creditors." *In re Malone*, 50 B.R. at 3 (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 32 (1978)). Dismissal is not in the best interests of the Debtors, who would lose the benefit of their fresh start and would incur greater administrative costs if they sever their petition and file a second case. The record is absent of allegations of bad faith, hidden assets, or attempts to stall collection by the Debtors, factors normally considered by courts in deciding whether or not to dismiss. *See Dinova*, 212 B.R. at 442. The Debtors' joint case has substantially progressed; they reaffirmed mortgage and vehicle debt and appeared at the meeting of creditors. Dismissing or severing the case at this stage, would duplicate work and costs for the Debtors, the creditors, the Trustee, and the Court.

The chapter 7 trustee's investigation of the Debtors' assets is on-going.[5] He filed a notice of abandonment of the Debtors' real property on February 18, 2011 and the meeting of creditors is scheduled to continue on May 5, 2011. To dismiss the chapter 7 case at this time would prevent the chapter 7 trustee from completing his investigation and would prevent the potential for recovery of assets and for

---

[5] A chapter 7 trustee "must 'fully administer' creditors' claims against the bankrupt estate. The trustee controls the assets of the estate, which will be applied to satisfy these claims to the extent assets exist. The remaining property of the debtor which is of no value or is exempt from administration is 'abandoned'." *In re Wade*, 991 F.2d 402, 406 (7th Cir. 1993).

distribution of proceeds to creditors.  If this case turns out to be an asset case, the creditors will have to file claims in two separate cases for a single debt, increasing their costs.  The chapter 7 trustee will have to liquidate a single pool of assets for a single pool of creditors over two cases.  This would be cumbersome and lead to increased costs for the chapter 7 trustee and to the creditors.

There has been no demonstration of prejudice to any creditor.  No creditor has filed a motion to dismiss the case or except a debt from discharge.  In fact, the Debtors have co-signed reaffirmation agreements with American Suzuki Financial Services Company and Wells Fargo Home Mortgage, which demonstrates to the Court the Debtors' willingness to work with their creditors in good faith.  Here, the Debtors' debts are by and large joint.  They are jointly liable on their mortgage loan, cars loans, motorcycles, and various other credit card and business debt.  The Debtors and the creditors alike benefit from the joint administration of this case.

**Conclusion**

Based on the foregoing reasons, the United States Trustee's scant legal authority and the Court's own analysis that dismissal is not in the best interest of the Debtors or their creditors, the Court finds insufficient cause to dismiss this petition.  The Trustee's motion to dismiss is DENIED.  The Court shall issue an order consistent with this decision.

Dated: May 4, 2011
Poughkeepsie, New York

/s/ Cecelia G. Morris
U.S. Bankruptcy Judge, SDNY