UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)
------------------------------------------------------------x
In re:

Theresa L. Somers and                           Case No. 10-38296(CGM)
Rosemary Caggiano,                              Chapter 7

                              Debtors.
------------------------------------------------------------x

# DESIGNATION OF RECORD ON APPEAL
# AND STATEMENT OF ISSUES

On May 18, 2011, pursuant to 28 U.S.C. § 158(a), the United States Trustee for Region 2 filed her Notice of Appeal from the Order of the Honorable Cecelia G. Morris, United States Bankruptcy Judge, dated and entered on May 4, 2011 in this proceeding, denying the Motion of the United States Trustee to Dismiss the Case. This appeal may present the issue of the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), 1 U.S.C. § 7. As the Attorney General previously has stated, although the Executive Branch believes that Section 3 of DOMA, as applied to legally married, same-sex couples, is subject to heightened constitutional scrutiny and is unconstitutional under that standard, the Department of Justice is interested in providing Congress a full and fair opportunity to participate in this and other cases in which a challenge to the constitutionality of Section 3 may be presented. Accordingly, at the request of the Bipartisan Legal Advisory Group of the U.S. House of Representatives, Appellant has included the constitutionality of Section 3 and the bankruptcy court's refusal to dismiss the petition on the basis of Section 3 as issues on appeal.

1

Pursuant to Fed. R. Bankr. P. § 8006, Appellant hereby designates the following items to be included on the Record on Appeal:

| ECF Doc. # | Date | Document |
|---|---|---|
| | | Docket Sheet for Case No. 10-38296(CGM) |
| 1 | 10/29/10 | Voluntary Petition |
| 2 | 10/29/10 | Chap. 7 Statement of Monthly Income and Means Test Calculation |
| 3 | 10/29/10 | Credit Counseling Statement |
| 4 | 10/29/10 | Credit Counseling Statement |
| 5 | 10/29/10 | Credit Counseling Certificate |
| 6 | 10/29/10 | Credit Counseling Certificate |
| 9 | 11/1/10 | Standing Document Request |
| 11 | 12/31/10 | Reaffirmation Agreement with WellsFargo |
| 12 | 1/3/11 | Request for Notice of Requirement to Complete Course in Financial Management |
| 13 | 1/4/11 | Reaffirmation Agreement with American Suzuki |
| 15 | 1/26/11 | Financial Management Course Certificate |
| 16 | 1/26/11 | Financial Management Course Certificate |
| 17 | 1/28/11 | United States Trustee Motion to Extend Time |
| 18 | 1/28/11 | Reaffirmation Agreement with WellsFargo |
| 19 | 2/7/11 | So Ordered Stipulation Extending Time |
| 20 | 1/28/11 | Reaffirmation Agreement with HSBC Bank Nevada, N.A. |
| 21 | 1/28/11 | Reaffirmation Agreement with HSBC Bank Nevada, N.A. |
| 22 | 2/11/11 | Debtors' Motion to Sever/Bifurcate |
| 24 | 2/14/11 | Debtors' Motion to Split Joint Chapter 7 Case |
| 26 | 2/18/11 | Chapter 7 Trustee's Motion to Abandon |

| ECF Doc. # | Date | Document |
|---|---|---|
| 27 | 2/22/11 | United States Trustee's Statement of No Objection to Debtors' Motion to Bifurcate/Sever Case |
| 29 | 2/24/11 | Debtors' Letter Withdrawing Motion to Sever/Split |
| 30 | 3/31/11 | United States Trustee's Motion to Dismiss Case |
| 31 | 5/4/11 | Memorandum Decision Denying Motion to Dismiss Case |
| 32 | 5/4/11 | Order Denying Motion to Dismiss Case |
| 34 | 5/6/11 | Order of Discharge |
| 35 | 5/18/11 | Notice of Appeal |
| 36 | 5/23/11 | Transcript of Hearing Held 5/3/11 |

The issues to be raised on appeal are:

1. Did the Bankruptcy Court err in denying the United States Trustee's Motion to Dismiss the Case?

2. Did the Bankruptcy Court err in concluding that Section 3 of the Defense of Marriage Act, 1 U.S.C. § 7, did not require the dismissal under 11 U.S.C. § 707(a) of Debtors' joint bankruptcy petition?

3. Did the Bankruptcy Court err in concluding, implicitly, that Section 3 of the Defense of Marriage Act, 1 U.S.C. § 7, is unconstitutional under the equal protection component of the Fifth Amendment's Due Process Clause?

Dated: Albany, New York
June 1, 2011

                                                Respectfully submitted,

                                                TRACY HOPE DAVIS
                                                UNITED STATES TRUSTEE

By:   /s/ Lisa M. Penpraze
       Lisa M. Penpraze
       Bar Roll No. 105165
       Assistant United States Trustee
       74 Chapel Street, Suite 200
       Albany, New York 12207
       (518) 434-4553

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)

-----------------------------------------------------------x

IN RE:                                                              Case No. 10-38296(CGM)
                                                                    Chapter 7
Theresa L. Somers and
Rosemary Caggiano

                         Debtors.

-----------------------------------------------------------x

**Certificate of Service**

The undersigned hereby certifies that she is an employee of the United States Trustee for Region 2 and is a person of such age and discretion as to be competent to serve papers.

That on June 1, 2011, she served a copy of the *United States Trustee's Designation of Record of Appeal and Statement of Issues* by placing said copy in a post-paid envelope addressed to the person(s) named, at the place(s) and address(es) listed below and by depositing the envelope and contents in an official depository of the United States Postal Service and by electronic service through the Court's CM/ECF system as follows:

Kirk O. Orseck, Esq., 1924 State Rt. 52, Liberty, New York 12754 (U.S. Mail and ECF)

Theresa L. Somers, 211 Cole Rd., Hurleyville, New York 12747 (U.S. Mail only)

Rosemary Caggiano, 211 Cole Rd., Hurleyville, New York 12747 (U.S. Mail only)

Paul L. Banner, 515 Haight Ave. 2nd fl. Suite A, Poughkeepsie, New York 12603 (U.S. Mail and ECF)

Dated: Albany, New York
June 1, 2011

                                                                    /s/ Lisa M. Penpraze
                                                                    Lisa M. Penpraze